United States District Court
Southern District of Texas
**ENTERED**
March 13, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JUANITA CASTILLO,　　　　　　　　§
　　　　　　　　　　　　　　　　　§
　　　　Plaintiff,　　　　　　　　　§
　　　　　　　　　　　　　　　　　§
VS.　　　　　　　　　　　　　　　§　　CIVIL ACTION NO. 4:25-CV-01900
　　　　　　　　　　　　　　　　　§
UBER TECHNOLOGIES, INC, *et al.*,　§
　　　　　　　　　　　　　　　　　§
　　　　Defendants.　　　　　　　　§

## ORDER

Before the Court is the Motion for Judgment on the Pleadings filed by Defendants Rasier, LLC, Uber USA, LLC, and Uber Technologies, Inc. (hereinafter, collectively referred to as "Defendants"). (Doc. No. 5). Plaintiff Juanita Castillo ("Castillo" or "Plaintiff") has not responded and the time for doing so has long since passed. Having reviewed the motion, the record, and the applicable law, the Court hereby GRANTS Defendants' Motion for Judgment on the Pleadings. (Doc. No. 5).

### I.
### GOVERNING LAW

Plaintiff filed her Original Petition and Request for Disclosures in state court in Harris County, Texas. *See* (Doc. No. 1-2). Defendants removed this case to this Court and there responded to the Petition by filing the Motion for Judgment that is the subject of this Order. *See* (Doc. Nos. 1, 5). As noted, Plaintiff has elected not to respond.

The standard for a Rule 12(c) motion for judgment on the pleadings is identical to the standard for a Rule 12(b)(6) motion for failure to state a claim. *Waller v. Hanlon*, 922 F.3d 590,

599 (5th Cir. 2019) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To survive a motion for judgment on the pleadings, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a motion for judgment on the pleadings, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

Plaintiff's complaint (or as it currently stands, her Petition) must be "stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018). The Court's

2

review is limited to the Complaint/Petition and any documents attached to it or the motion to dismiss that are referenced by the Complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## II.
## ANALYSIS

The application of the law to the facts of this case is not difficult. This case involves a car accident in which Plaintiff was allegedly hit by a "hit and run" driver whose identity is unknown. Plaintiff contends that, at the time of the accident, she was in the course of providing services for the two Uber entities and Raiser. The totality of Plaintiff's pleadings consist of negligence claims against the unknown driver. The Court repeats them here in their entirety:

> The negligent, careless and reckless disregard of duty [] consisted of, but is not limited to, the following acts and omissions:
> a. Failure [to] keep a proper lookout for Plaintiffs' safety that would have been maintained by persons of ordinary prudence under the same or similar circumstances;
> b. Failure [to] exercise care in exiting the parking lot;
> c. Failure [to] apply the brakes to his motor vehicle[] in a timely and prudent manner and/or wholly fail[ing] to apply their brakes in order to avoid the collision in question;
> d. Failure to take evasive action or maneuver his vehicle in order to avoid the collision

(Doc. No. 1-2 at 4).

As one can see, all of the allegations that Castillo makes are directed at the driver who hit her car. None are made that would even remotely involve the Defendants herein.[1] The Petition in this case is woefully lacking. Outside of party information and jurisdictional and venue allegations, the Defendants in this case are never mentioned. Federal Rule of Civil Procedure 8(a)(2) only

---

[1] In one instance, Plaintiff makes a reference to a single defendant that she does not identify, but she does so solely in the context of the accident. *See* (Doc. No. 1-2 at 3–4).

requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The pleadings in this case do not approach this standard. The Defendants' Motion for Judgment on the Pleadings is **GRANTED** and this case is dismissed with prejudice as to these Defendants.

Signed on this 13th day of March 2026.

Andrew S. Hanen
United States District Judge

4